Thomas Douglas SCOTT, Petitioner–Appellant,

v.

MULE CREEK STATE PRISON; Subia, Warden, Respondents–Appellees.

No. 11–55250.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2013.

Filed Jan. 22, 2013.

Thomas Douglas Scott, Coalinga, CA, pro se.

Stephanie Marie Adraktas, Law Office of Stephanie Adraktas, Berkeley, CA, for Petitioner–Appellant.

Jennifer Jadovitz, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

---

Before: CANBY, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM *

Thomas Scott appeals the district court's denial of his petition for habeas relief from his California state court convictions for possession of cocaine, robbery, and being a felon in possession of a firearm. The district court issued a certificate of appealability on the issue of whether Scott's Confrontation Clause rights were violated by the introduction of laboratory results without the opportunity to cross-examine the technician who performed the analysis. *See* 28 U.S.C. § 2253(c); U.S. Const. amend. VI; *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Over Scott's objection, the trial court allowed a forensic analyst to testify about the contents of a laboratory report prepared by an analyst he supervised. The laboratory report indicated that the substance found on Scott contained cocaine consistent with base form, in a usable quantity of .26 grams. On direct appeal, Scott argued that the introduction of this evidence violated his Sixth Amendment Confrontation Clause rights under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Rejecting Scott's Confrontation Clause claim, the California Court of Appeal did not apply *Crawford* in an objectively unreasonable manner, *see* 28 U.S.C.

§ 2254(d)(1), because *Crawford* did not clearly establish that forensic laboratory reports were testimonial. *See Meras v. Sisto,* 676 F.3d 1184, 1190 (9th Cir.2012) (holding that the state appellate court's application of *Crawford* was not unreasonable where it concluded that forensic laboratory reports introduced into evidence through the testimony of the analyst's supervisor were non-testimonial "[i]n light of the extensive, reasoned disagreement between the lower courts ... and between the Justices when they reached the issue").[1]

We construe Scott's remaining argument as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

analyst who prepared the report must testify to avoid a Confrontation Clause violation. *Bullcoming v. New Mexico,* — U.S. —, 131 S.Ct. 2705, 2715–16, 180 L.Ed.2d 610 (2011). We are required to examine the last reasoned decision of the state court under the law then established. *See Greene v. Fisher,* — U.S. —, 132 S.Ct. 38, 44, 181 L.Ed.2d 336 (2011); 28 U.S.C. § 2254(d)(1).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The California Court of Appeal's decision was issued in 2006, before the Supreme Court's decision in *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), holding that such reports are testimonial and its later decision that the